O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3099 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Freddie Barajas, et al. v. City of Maywood, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**   Defendants' Motions to Dismiss [5]

Plaintiffs Freddie Barajas, Jesus Jimenez, Marvin Tejada, Eder Jimenez and Jordan Payan (collectively, "Plaintiffs") bring this RICO and Civil Rights Complaint against Defendants City of Maywood ("City"), the Maywood-Cudahy Police Department ("Police Department"), Bruce Leflar ("Leflar"), in his individual and official capacity, Paul Pine ("Pine"), in his individual and official capacity, and Officer Alvarez (collectively, "Defendants").[1] [2]

Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) [5]. The Court finds this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15.

---

[1] Initially, Plaintiffs were five of 22 plaintiffs who alleged RICO and Civil Rights violations against the named Defendants herein. Pursuant to Fed. R. Civ. P. 20 and 21, the Court severed each individual party and their respective claims, thereby creating 9 separate lawsuits. *See Gonzalez, et al. v. City of Maywood, et al.*, CV 07-03469 ODW (SHx), Docket #43. Following the Court's order, Plaintiffs, individually, filed the instant lawsuit on May 12, 2008.

[2] Although Plaintiffs have named 30 Doe defendants, Local Rule 19-1 allows for no more than 10 Doe or fictitiously named parties.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3099 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Freddie Barajas, et al. v. City of Maywood, et al.* | | |

      The underlying factual allegations of Plaintiffs' claims are culled from one paragraph within their complaint. Plaintiffs claim they were "wrongfully detained, arrested, assaulted, battered, threatened and searched" by Defendant Alvarez and five to eight unknown officers. (Compl. ¶ 11.) Plaintiffs allege that Alvarez and others screamed at them, forced them to the ground, and falsely accused them of being gang members and of possessing weapons and drugs. (*Id.*) Plaintiffs further allege that Alvarez and others unlawfully entered their home and wrote false reports about them for the purpose of malicious prosecution. (*Id.*) They claim Alvarez and others wrote them tickets for obstructing the sidewalk even though Alvarez ordered them onto the sidewalk. (*Id.*) In addition, they allege that Defendants traumatized Plaintiff Eder Jimenez, who suffers from down syndrome. (*Id.*)

      Other than this one paragraph, Plaintiffs' complaint contains the exact same sprawling, boilerplate and, in many instances, irrelevant allegations as those in the Corrected Second Amended Complaint in *Camarillo v. City of Maywood, et al.*, CV 07-3469 ODW (SHx) (C.D. Cal. 2007) (Docket #61, 65.) Even Plaintiffs' prayer for relief is identical to that of the *Camarillo* complaint, without any tailoring to the individualized facts alleged and/or injuries allegedly sustained. Defendants' Motion, moreover, seeks to dismiss the same claims as those sought to be dismissed in *Camarillo*, and consists of identical arguments in favor thereof. Further, Plaintiffs' Opposition voices the same "cut-and-paste" objections. Thus, because the Court is presented with the same bare allegations and claims, including the same arguments in favor of and in opposition to dismissing those claims, the Court adopts its analysis and conclusions previously discussed and reached in *Camarillo*, and rules as follows:[3]

(1)    Plaintiffs' first cause of action under RICO is DISMISSED without leave to amend;

(2)    Plaintiffs' second cause of action for *Monell* liability against the City and the

---

[3] The different factual scenarios giving rise to the claims in this case have been fully considered. Unless otherwise indicated, however, the facts of this case do not differ significantly enough from those in *Camarillo* so as to warrant different conclusions. Accordingly, unless otherwise stated, the Court's analysis and conclusions reached in *Camarillo* control.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3099 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Freddie Barajas, et al. v. City of Maywood, et al.* | | |

Police Department survives, but Plaintiffs' second cause of action against Defendants Leflar and Pine in their *official* capacities is DISMISSED without leave to amend;

(3)   Plaintiffs' second cause of action for supervisorial liability against Defendants Leflar and Pine in their *individual* capacities is DISMISSED with leave to amend;

(4)   Plaintiffs' third cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine. To the extent Plaintiffs' third cause of action alleges a § 1983 conspiracy, that claim is DISMISSED with leave to amend;

(5)   Plaintiffs' fourth cause of action is DISMISSED with leave to amend;

(6)   Plaintiffs' fifth cause of action is DISMISSED with leave to amend;

(7)   Plaintiffs' sixth cause of action is DISMISSED without leave to amend only as to claims under Cal. Const. art I, §§ 1 and 7;

(8)   Plaintiffs' eleventh cause of action is DISMISSED without leave to amend; and

(9)   Plaintiffs' twelfth cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine.

*See Camarillo*, CV 07-3469 ODW (SHx) (C.D. Cal. Aug. 27, 2008) (Docket # 75.)

The Court notes that correcting the deficiencies described herein presents quite a dubious and challenging task for Plaintiffs. Should Plaintiffs amend, they shall do so within twenty (20) days from the date of this Order. In doing so, however, the Court sincerely hopes that any amended complaint is the product of careful thought, deliberation and writing. "Cut and paste" allegations and frivolous references to independent investigations and judicial proceedings are not only difficult for the Court to decipher, but do nothing to sufficiently state Plaintiffs' relevant claims. If nothing else, the fact that Plaintiffs' counsel has cut and pasted the same insufficient allegations in all

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3099 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Freddie Barajas, et al. v. City of Maywood, et al.* | | |

nine of the related Maywood cases, without tailoring any of them to the unique facts of each case, completely undermines the credibility and genuine nature of his clients' claims. The Court has carefully pointed out which claims are insufficient and why. Any amended complaint shall address these deficiencies or risk being dismissed without further leave to amend.

**IT IS SO ORDERED**.

|  | ---- | : | 00 |
|---|---|---|---|
| | Initials of Preparer | RGN | |